IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TROY LEE PERKINS, 1480826,<br>       Petitioner, | )<br>)<br>) |
| v. | )    No. 3:10-CV-0329-N |
| | ) |
| RICHARD THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>       Respondent. | )<br>)<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

## II. Background

On January 7, 2008, Petitioner pled guilty to four charges of aggravated robbery with a deadly weapon. *State of Texas v. Troy Lee Perkins*, Nos. F-0700645-S, F-0771970-S, F-0771990-S and F-0771769-S (282nd Dist. Ct., Dallas County, Tex., Jan. 7, 2008). Petitioner was sentenced to twelve years confinement for each conviction, to run concurrently. Petitioner did not appeal his convictions.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -1-

On May 7, 2009, Petitioner filed four state habeas petitions. *Ex parte Perkins*, Nos. 72,726-03, -04, -05, -06. At the time he filed this federal petition, those state habeas petitions were still pending. On July 28, 2020 the Court of Criminal Appeals denied the petitions.

On February 7, 2010, Petitioner filed this federal petition. He argues:

(1) He was denied due process because he was denied bail;

(2) He received ineffective assistance of counsel;

(3) He was denied a speedy trial;

(4) He was subjected to cruel and unusual punishment while in the Dallas County Jail because he did not receive proper medications, he was denied a competency hearing and he was raped;

(5) He is unlawfully incarcerated and his safety is in danger.

On April 8, 2010, Respondent filed a preliminary response arguing that the petition is barred by limitations. Petitioner filed numerous replies. The Court now finds the petition should be dismissed as time-barred.

## III. Discussion

### A. Non-Habeas Claims

Petitioner raises some claims that are not cognizable under habeas corpus. He argues he did not receive proper medical attention while in jail, he was raped in jail and his safety is in danger while incarcerated. These claims are cognizable in a civil rights action pursuant to 42 U.S.C. § 1983 *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. §

1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). These claims are dismissed without prejudice to Plaintiff filing a civil rights complaint.

**B.    Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

>    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner was convicted on January 7, 2008. He did not appeal his convictions. His convictions therefore became final thirty days later on February 6, 2008. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until February 6, 2009, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file his state habeas petitions until May 7, 2009. This date was after the federal limitations period expired. The state habeas petitions therefore did not toll the limitations period.

Petitioner was required to file his federal habeas petition by February 6, 2009. He did not file his petition until February 7, 2010. His claims are therefore untimely.

**C.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable

---

28 U.S.C. § 2244(d)(1).

tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues his petition is timely because the state does not have a statute of limitations for filing an 11.07 state habeas petition. Although Petitioner is correct, there is a one-year statute of limitations for filing his federal petition. Ignorance of the law does not entitle Petitioner to equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law does not support equitable tolling of the AEDPA statute of limitations).

Petitioner also argues that the state court delayed in ruling on his state habeas petition. At the time Petitioner filed his state habeas petition, however, the federal limitations period had expired. The state court's delay in processing his habeas petition therefore does not entitle him to equitable tolling.

Finally, although Petitioner does not explicitly state that a mental condition delayed his filing, to the extent Petitioner makes such an argument, he has not shown that a mental condition rendered him unable to file a petition during the one-year limitations period. Moreover, Petitioner was determined to be competent at the time of his guilty pleas. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 26th day of May, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).